IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JENNY YOUNG**                                                                                                                **PLAINTIFF**

**V.**                                           **NO. 3:20-cv-00226-JTK**

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**                                   **DEFENDANT**

**ORDER**

**I. Introduction:**

Plaintiff, Jenny Young ("Young"), applied for disability benefits on March 20, 2018, alleging disability beginning on July 1, 2017. (Tr. at 15). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Young's application on November 14, 2019. (Tr. at 25). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Young has requested judicial review.

For the reasons stated below, the Court[1] affirms the ALJ's decision.

**II. The Commissioner's Decision:**

The ALJ found that Young had not engaged in substantial gainful activity since the application date of December 14, 2017. (Tr. at 12). At Step Two, the ALJ found that Young had the following severe impairments: obesity, history of carpal tunnel release, trochanteric bursitis, degenerative disc disease of the cervical spine and cervical spondylosis, degenerative disc disease

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge. (Doc. No. 4).

of the thoracic spine, degenerative disc disease at L1 to L4, posttraumatic stress disorder (PTSD), social phobia, depression, and panic disorder. (Tr. at 18).

After finding at Step Three that Young's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Young had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with occasional stooping to reach knee level, kneeling, crouching, crawling, and climbing stairs, but no climbing ladders or scaffolds. (Tr. at 19). The ALJ found that Young could: (1) lift, carry, push, and/or pull 10 pounds occasionally and less than 10 pounds frequently; (2) stand and/or walk two hours in an eight-hour workday; (3) sit six hours in an eight-hour workday; (4) frequently use both hands for gross and/or fine manipulation; (5) understand, remember, and carry out simple job instructions; (6) make decisions/judgments in simple work-related situations; (7) respond appropriately with coworkers and supervisors when the contact is incidental to the work performed, but she should avoid interaction with the public; and (8) respond appropriately to minor changes in the usual work routine. (Tr. at 19-20). The ALJ also found that Young should avoid exposure to loud noise. *Id*.

At Step Four, the ALJ determined that Young was unable to perform any of her past relevant work as a fast food manager and industrial cleaner. (Tr. at 23). Relying upon Vocational Expert ("VE") testimony, the ALJ found, based on Young's age, education, work experience, and RFC, that she could perform work in the national economy, including jobs as surveillance system monitor, table worker, and document preparer. (Tr. at 24). Therefore, the ALJ concluded that Young was not disabled. (Tr. at 25).

**III. Discussion:**

    A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B.  Young's Arguments on Appeal

Young contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ failed to resolve a conflict between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT") and did not properly assess treating source opinions from Clay Spencer, MD, and Nancy Baltz, APRN. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

Although Young's RFC limits her to work involving only simple job instructions and simple work-related situations, the VE testified that she could perform the job duties of surveillance system monitor (DOT 379.367-010, 1991 WL 673244) and document preparer (DOT 249.587-018, 1991 WL 672349), both of which are described in the DOT as requiring Level 3 Reasoning skills. According to the DOT, this means an individual must be able to apply commonsense understanding to carry out instructions in written, oral, or diagrammatic form as well as deal with problems involving several concrete variables in or from standardized situations.[2] Young argues that jobs with Level 3 Reasoning requirements are inconsistent with an RFC limiting her to simple work, citing *Clay v. Barnhart*, 417 F.3d 922, 931 (8th Cir. 2005) and *Hillier v. Social Sec. Admin.*, 486 F.3d 359, 367 (8th Cir. 2007) for support. She contends the VE failed to address the apparent conflict between these occupations and her RFC, and thus the ALJ erred in relying on the VE's testimony to determine she was not disabled. *See Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014) (VE must explain inconsistencies between VE testimony and DOT in order for testimony to constitute substantial evidence).

The Commissioner appears to concede that an apparent conflict exists, but argues any error in this regard is harmless, since the VE identified another job, table worker (DOT 739.687-182, 1991 WL 680217), which is consistent with Young's RFC. *See Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014) ("An ALJ may rely on a vocational expert's testimony as long as some of the identified jobs satisfy the claimant's residual functional capacity."). The Court, however, disagrees with both parties that any apparent conflict exists, and finds the ALJ properly relied on the VE's testimony in determining Young was not disabled.

---

[2] *See Dictionary of Occupational Titles*, Appendix C, III.

Although the Eighth Circuit has not unequivocally determined that individuals limited to simple work can perform jobs requiring Level 3 Reasoning, it has given guidance on the issue. In *Renfrow v. Astrue*, 496 F.3d 918, 920 (8th Cir. 2007), the claimant could not perform complex, technical work and was limited to unskilled work. The VE identified jobs with Level 3 Reasoning requirements. *Id*. at 921. The Court found no conflict existed, stating that "[t]he jobs in question are both classified as unskilled and so do not appear to be 'complex.'" *Id*. (citing *Hillier*, 486 F.3d at 367). Likewise, in this case, each of the three jobs the VE identified have an SVP level of 2, commensurate with unskilled work.³

Similarly, in *Welsh v. Colvin*, 765 F.3d 926, 929-30 (8th Cir. 2014), the Eighth Circuit held that an ALJ properly relied on the VE's opinion that there was "no inconsistency" between jobs described in the DOT as requiring Level 3 Reasoning capability, and an RFC which limited the claimant to "simple, routine, repetitive work." The Court thus held that no remand was required due to the ALJ's "failure to address any potential inconsistency." *Id*. at 930. Here, Young's RFC is arguably even less limited than the claimant's RFC in *Welsh*, since she is not limited to only routine or repetitive work.

Moreover, Young's past job as a fast food manager (DOT 185.137-010, 1991 WL 671285) is classified by the DOT as skilled work with an SVP of 5 and a Reasoning Level of 4 (*id*.; Tr. at 20),⁴ indicating that Young has some ability to perform work that involves exercising judgment in

---

³ Each job listed in the DOT is assigned a number reflecting the job's specific vocational preparation time (SVP), i.e., how long it generally takes to learn the job. *Fines v. Apfel*, 149 F.3d 893, 895 (8th Cir. 1998). Unskilled work corresponds to an SVP of 1-2. SSR 00-4p at *3.

⁴ "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. Skilled work . . . may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. §§ 404.1568(c), 416.968(c).

more complex work-related situations. *See Hillier*, 486 F.3d at 366-67 (even though, "[i]n the abstract, tension exists between" the DOT's description of a cashier job requiring Level 3 Reasoning and an RFC limiting claimant to following "simple, concrete instructions," claimant's previous work as a cashier supported ALJ's conclusion that the claimant could perform that work).[5]

Although the Court finds that no error occurred, the Court agrees with the Commissioner that even if the VE's testimony regarding the surveillance system monitor and document preparer jobs conflicts with the DOT, any error was harmless because the VE identified another position available to Young that does not conflict with the DOT. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [the claimant] must provide some indication that the ALJ would have decided differently if the error had not occurred.").

Young also argues the Court did not properly consider two treating source opinions that would limit Young to occasional reaching and either no handling or occasional handling, which would eliminate the job of table worker. As a preliminary matter, the Court notes that one of the jobs cited by the VE, surveillance system monitor, does not require any reaching or handling. *See* DOT 379.367-010, 1991 WL 673244. Thus, even if the ALJ erred in discrediting the treating source opinions and failing to include these limitations in Young's RFC, any such error would likely be harmless. Nevertheless, the Court finds the ALJ gave good reasons for discounting the

---

[5] *See also McCalla v. Colvin*, No. 3:14-cv-153, 2015 WL 4977190, at *2-3 (E.D. Ark. Aug. 21, 2015) (concluding that, based on *Renfrow* and *Hillier*, "[n]o conflict exists between the 'simple instructions' limitation and the level three reasoning ability position—order clerk—identified by the VE"); *Filbert v. Colvin*, No. 4:14-cv-209, 2015 WL 1474873, at *11 (E.D. Mo. Mar. 31, 2015) (citing *Renfrow* and *Welsh* and holding: "The law in this Circuit is clear—any potential inconsistency between a reasoning level of three and the ability to follow only simple instructions on non-detailed tasks is not a conflict.").

opinions and accordingly finds no error occurred. *See Reece v. Colvin*, 834 F.3d 904, 909 (8th Cir. 2016).

In February 2017, Clay Spencer, MD, opined that Young could occasionally reach but never handle or finger. (Tr. at 668-669). Following a series of checkboxes, Dr. Spencer wrote that "[t]he above limitations were based on patient's subjective opinion. However, she did have abnormal upper extremity NCV and an abnormal MRI of lumbar spine." (Tr. at 669). The ALJ adequately explained that he discredited the opinion because it addressed Young's functioning prior to the alleged disability onset date of July 1, 2017, it was based on Young's subjective opinion, and it was inconsistent with the record as a whole. *See Cline v. Colvin*, 771 F.3d 1098, 1104 (8th Cir. 2014) (ALJ may give treating physician's opinion less deference when based on claimant's subjective complaints rather than objective medical evidence and when inconsistent with the record as a whole). Young went on to have successful carpal tunnel release surgeries, rendering the nerve conduction study irrelevant, and the Court agrees with the ALJ that the lumbar spine MRI alone did not support Dr. Spencer's findings, which were inconsistent with benign physical exam findings in the record. The ALJ adequately explained his reasons for discrediting Dr. Spencer's opinion.

The same holds true for the opinion of Nancy Baltz, APRN, who opined that Young could occasionally reach and handle. The ALJ found her checklist form opinion partially persuasive based on her treatment relationship with Young, but properly discounted the opinion for failing to provide any narrative explanation to support the limitations opined. *See Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001) (evidentiary value of medical opinion is lessened when assessment is in checklist format and contains vague, conclusory statements).

Young cites evidence in the record to support the reaching and handling limitations, including a consultative exam finding that Young had limited range of motion in her shoulder. (Tr. at 570-574). But the consultative exam occurred more than a year prior to the alleged onset date, and despite the limited range of motion finding, the examiner did not opine that Young was limited in her ability to reach or handle. *Id*. Young also cites treatment notes from her pain medicine provider from February 2019 which show she was diagnosed with cervical radiculopathy, but exam findings from this same visit show that she denied any problems with motor weakness or radicular pain, and denied any complaints about her extremities, which showed normal range of motion. (Tr. at 924-927). The Court finds no error in the ALJ's assessment of these treating source opinions and sees no reason to disturb the ALJ's decision to not include reaching or handling limitations in Young's RFC.

### IV. **Conclusion:**

For the reasons stated above, the Court concludes that the ALJ applied proper legal standards and substantial evidence on the record as a whole supports the ALJ's decision. The finding that Young was not disabled within the meaning of the Social Security Act is hereby AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 4th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE